CABASSA, DEMANDANTE Y APELADA, *v.* NADAL, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa sobre nulidad de matrimonio y divorcio.

No. 1438.—Resuelto en abril 25, 1916.

NULIDAD DE MATRIMONIO—DIVORCIO—ACUMULACIÓN DE ACCIONES—ACCIÓN SUBSIDIARIA—RELACIONES CONYUGALES.—Las acciones de nulidad de matrimonio y de disolución de ese matrimonio mediante divorcio, no son incompatibles y pueden acumularse, cuando la segunda no se ejercita de modo absoluto sino subsidiariamente para el caso de que no proceda la primera. Ambas acciones se derivan del mismo acto o contrato, aunque por causas distintas, y tienden al mismo fin, o sea, a terminar las relaciones conyugales entre las partes demandante y demandada.

ID.—DISOLUCIÓN DE MATRIMONIO—INCAPACIDAD PARA CONTRAER MATRIMONIO.—De acuerdo con el artículo 178 del Código Civil es nulo el segundo matrimonio de una mujer cuyo matrimonio anterior hubiere sido declarado nulo o disuelto, durante los 301 días siguientes a contar desde la fecha de la nulidad o disolución, por estar incapacitada para contraerlo según el artículo 131 del mismo código.

MATRIMONIO—REQUISITOS PARA CONTRAER MATRIMONIO—CAPACIDAD DE LOS CONTRATANTES—CIUDADANOS DE PUERTO RICO—PAÍSES EXTRANJEROS.—Los requisitos que deben regular la capacidad de los contrayentes para celebrar matrimonio cuando ambos son ciudadanos de Puerto Rico, no deben buscarse en las leyes del país en que se hubiere celebrado, sino en las de Puerto Rico, con arreglo a los artículos 9 y 11 del Código Civil.

ID.—FACULTADES DE LA ASAMBLEA LEGISLATIVA—EXTRATERRITORIALIDAD—CAPACIDAD—RESIDENCIA—AUSENCIA TEMPORAL.—La Legislatura de Puerto Rico tiene facultades para dar fuerza extraterritorial a estatutos prohibitivos en materia de matrimonio, siendo extraterritorial el estatuto vigente con relación a la capacidad de las personas para contraerlo. Las leyes relativas a la capacidad siguen a las personas aunque residan en país extranjero, con mayor razón cuando se ausentan temporalmente y vuelven a Puerto Rico.

ID.—NULIDAD DE MATRIMONIO—IMPEDIMENTO O ESTOPPEL—CÓNYUGES—FISCAL—INTERÉS PÚBLICO.—El hecho de la celebración de un matrimonio no constituye *estoppel* contra la acción de nulidad, pues según el artículo 179 del Código Civil la acción para pedir la nulidad del matrimonio corresponde a los cónyuges, al Fiscal y a cualquiera otra persona que tenga interés en dicha nulidad; revelando el derecho otorgado al Fiscal para pedir la nulidad, que la legislatura ha reconocido de interés público la observancia de los requisitos exigidos por el código para el matrimonio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogados de la apelada: *Sres. José y Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En la demanda que originó el presente caso, interpuesta con fecha 7 de abril de 1915 ante la Corte de Distrito de Mayagüez por Rosaura Amelia Cabassa contra Ricardo Nadal Cabassa, se ejercitan dos acciones, una para obtener la nulidad del matrimonio entre ellos existente y la otra para conseguir, a falta de aquella nulidad, la disolución de dicho matrimonio por razón de divorcio.

Alega la demandante como hechos determinantes de la nulidad pretendida que ella y su esposo Ricardo Nadal Cabassa son ciudadanos residentes de Puerto Rico; que están ligados por parentesco de consanguinidad legítima de cuarto grado civil, pues son primos hermanos; que la demandante se divorció de su primer consorte legítimo por sentencia de la Corte de Distrito de Mayagüez que quedó firme en 18 de julio de 1914; que en el mes de agosto, o sea, antes de los 301 días siguientes a la nulidad decretada, contrajo matrimonio con el demandado en la isla holandesa de Curazao, sin haber obtenido antes dispensa del parentesco que los ligaba; y que en la unión de ambos no han procreado hijos ni existen gananciales.

Los hechos esenciales de la segunda acción de divorcio consisten en malos tratos de obra y de palabra.

A la anterior demanda opuso el demandado la excepción de que los hechos alegados no eran suficientes para constituir la acción de nulidad de matrimonio, ni la subsidiaria de divorcio, y alegó también la excepción de indebida acumulación de esas acciones.

La corte, por resolución de 28 de septiembre de 1915, desestimó ambas excepciones, concediendo a la parte demandada el término de diez días para registrar su contestación, lo que no hizo, pues solicitó que se dictara sentencia congruente con aquella resolución, para obtener la revocación de ésta mediante recurso de apelación que interpusiera contra dicha sentencia.

La corte accedió a lo solicitado y en su consecuencia, por sentencia de 29 de octubre, declaró con lugar la demanda y nulo el matrimonio entre la demandante y el demandado, con las costas, gastos, desembolsos y honorarios de abogado a cargo del demandado.

Contra esa sentencia interpuso el demandado recurso de apelación, y para obtener su revocación invoca como motivos del recurso los siguientes:

1°. Que la corte erró al declarar que las acciones de nulidad de matrimonio y de divorcio podían ser acumuladas en una misma demanda, siendo como son incompatibles, por la razón de que la primera supone la inexistencia del matrimonio y la segunda su existencia;

2°. Que la corte erró al declarar la nulidad del matrimonio de las partes demandante y demandada, porque la demandante está impedida (*estopped*) de ir contra sus propios actos, y, además, la demanda no contiene alegación alguna acerca de que el matrimonio de que se trata estuviera prohibido por las leyes de la isla de Curazao donde se celebró, cuyas leyes, y no las de Puerto Rico, son las que deben regir el acto.

En cuanto al primer motivo del recurso, entendemos que no existe indebida acumulación de acciones. Las acciones ejercitadas son dos—la de nulidad de matrimonio y la de disolución de ese matrimonio mediante divorcio. Se derivan del mismo acto o contrato, aunque por causas distintas, y tienden al mismo fin, o sea, a terminar las relaciones conyugales de la demandante y del demandado. No son incompatibles esas acciones, pues la segunda, o sea, la de divorcio, no se ejercita de modo absoluto sino subsidiariamente, para el caso de que no proceda la nulidad del matrimonio. Sobre acumulación de las acciones de nulidad y divorcio en una misma demanda podemos invocar la jurisprudencia citada en 13 Encyc. of Pleading & Practice, p. 881.

Por lo que atañe al segundo motivo del recurso, la cuestión legal sometida a nuestra consideración es clara y no merece larga discusión.

El artículo 130 del Código Civil, entre los requisitos nece-sarios para contraer matrimonio, enumera el de "capaci-dad legal de los contratantes," y el artículo 131 establece que son incapaces para contraer matrimonio, entre otros, "la mujer cuyo matrimonio hubiere sido declarado nulo o disuelto, durante los 301 días siguientes a contar desde la fecha de la nulidad o disolución." Como sanción a la falta de cumplimiento de los anteriores preceptos y de los demás contenidos en los artículos citados, viene el artículo 178, el cual preceptúa que es nulo el matrimonio en el que no se hayan observado todos los requisitos exigidos por el código.

Tenemos, pues, que es nulo el matrimonio de la deman-dante y el demandado, pues aquélla estaba incapacitada para contraerlo, como lo hizo, antes de los 301 días siguientes a la fecha de su divorcio con el primer consorte

Los requisitos que debían regular la capacidad de la de-mandante para contraer su matrimonio, siendo como eran ella y el demandado ciudadanos residentes de Puerto Rico, no deben buscarse en las leyes de la isla de Curazao, sino en las leyes de Puerto Rico, con arreglo al artículo 9 del Código Civil que dice así:

"Artículo 9.—Las leyes relativas a los derechos y deberes de fami-lia o al estado, condición o *capacidad* legal de las personas, obligan a los ciudadanos de Puerto Rico aunque residan en países extran-jeros."

Y el artículo 11, al prescribir que las formas y solem-nidades de los contratos, testamentos y demás instrumen-tos públicos se rigen por las leyes del país en que se otor-guen, ordena que las leyes prohibitivas concernientes a las personas, sus actos o sus bienes, y las que tienen por objeto el orden público y las buenas costumbres, no quedarán sin efecto por leyes o sentencias dictadas ni por disposiciones o convenciones acordadas en países extranjeros. No se nos ha demostrado cuáles son las leyes vigentes en Curazao sobre capacidad de los que contraen matrimonio; pero sean cuales fueren, si están en contradicción con las vigentes en Puerto

Rico en cuanto á dicha capacidad, las leyes de Puerto Rico y no las de Curazao son las que han de regular la capacidad de la demandante Rosaura Amelia Cabassa, para contraer matrimonio con el demandado.

La Legislatura de Puerto Rico ha tenido y tiene facultad para dar fuerza extraterritorial a un estatuto prohibitivo en materia de matrimonio, y nuestro estatuto con relación a la capacidad de las personas para contraerlo es extraterritorial, pues las leyes relativas a la capacidad siguen a los puertorriqueños aunque residan en país extranjero, y con mayor razón cuando esos puertorriqueños se ausentan temporalmente y vuelven a Puerto Rico, como sucede en el presente caso.

El hecho de la celebración del matrimonio no constituye *estoppel* contra la acción de nulidad, pues según el artículo 179 del Código Civil, la acción para pedir la nulidad del matrimonio corresponde a los cónyuges, al Fiscal, y a cualesquiera otras personas que tengan interés en dicha nulidad. El derecho reconocido al Fiscal para pedir la nulidad revela que la legislatura ha reconocido ser de interés público la observancia de los requisitos exigidos por el código para el matrimonio. Tal interés público concurre en el presente caso en que la causa de incapacidad alegada por Rosaura Amelia Cabassa tiene por razón el que no se dude "de cual de los maridos es el fijo o la fija que nasciere della." Ley 5ª., Título III, Partida VI. La prohibición legislativa se dirige a evitar *turbationem sanguinis * * * generationis aut seminis insertitudinem.*

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.